UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD T. GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00532-MTS |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Upon review of Defendant's terse Notice of Removal, Doc. [1], the Court finds that Defendant has failed to establish this Court's subject matter jurisdiction for multiple reasons. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from the Missouri Circuit Court of St. Louis County claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 6; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). Though Defendant gave no subsection, it appears to attempt to advance diversity jurisdiction under § 1332(a)(1), but its Notice of Removal has failed to establish this Court's subject matter jurisdiction under § 1332(a)(1).

In order for the Court to have diversity jurisdiction under § 1332(a)(1) the amount in controversy must exceed $75,000. Defendant, as the removing party, should have sought to establish that this case meets that threshold. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.

2009) ("Where the defendant seeks to invoke federal jurisdiction through removal . . . it bears the burden of proving that the jurisdictional threshold is satisfied."). It did not. The entirety of the amount in controversy analysis in Defendant's Notice is one paragraph that merely states:

> The amount in controversy between the parties exceeds $75,000.00. The Petition for Damages states Plaintiff is claiming damages in excess of the $50,000.00 limits of liability under his insurance policy issued by Defendant as well as damages for vexatious penalties, attorneys' fees, and pre-judgment and post-judgment interest.[1]

That simply is not sufficient. Defendant's Notice needed to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Defendant's "bald assertions that the nature of the relief sought is sufficient to satisfy the amount in controversy fails to meet the requisite burden of proof." *Hofmann v. Wells Fargo Bank*, 4:19-cv-423-CDP, 2019 WL 1992630, at *1 (E.D. Mo. May 6, 2019); *cf. Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").[2]

Defendant's failure to establish the amount in controversy dooms the Notice of Removal on its own. *Hill v. Lowe's Home Centers, LLC*, 1:21-cv-00141-SRC (E.D. Mo. Nov. 23, 2021) (remanding case *sua sponte*, and without opportunity to amend, where defendants' notice of removal failed to meet burden showing the amount in controversy was met). But the Notice's

---

[1] *But see* 28 U.S.C. § 1332(a) (requiring the amount in controversy must exceed $75,000 *exclusive of interest*); *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 686 (D. Minn. 2015) ("The diversity jurisdiction statute expressly excludes both costs and interest from the amount in controversy.").

[2] What is more, Defendant's version varies from the one Plaintiff had in his Petition. Defendant did not note this variation, let alone explain it. Plaintiff alleged that he received $50,000 from the insurance carrier of the alleged nonparty tortfeasor, an amount Plaintiff alleges was the alleged nonparty tortfeasor's policy limit. Doc. [3] ¶¶ 9–10. Plaintiff's Petition seeks underinsured motorist coverage from his own insurer, Defendant, because Plaintiff alleges the payment from the alleged nonparty tortfeasor's insurer "was insufficient to compensate Plaintiff for all of the damages [he] sustained." *Id.* ¶ 18. Thus, if anything, the $50,000 Plaintiff alleges he received *reduces* the amount in controversy between Plaintiff and Defendant since it reduced Plaintiff's total unrecovered damages. *See Manner v. Schiermeier*, 393 S.W.3d 58, 66 (Mo. banc 2013). Again, though, Defendant sets a different scene altogether, and perhaps Defendant is correct. Afterall, as Defendant's insurer, it was quite easy for it to ensure its factual contentions about Defendant and his policy have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

shortcomings do not end with the amount in controversy. Defendant also was required to demonstrate that it and Plaintiff were completely diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). Defendant provided no allegations regarding the citizenship of the parties when Plaintiff filed his action in state court, which is indispensable to the Court's subject matter jurisdiction.

Besides the issue that Defendant failed to establish the parties' citizenship at the time Plaintiff filed this case in state court, Defendant also failed to establish Plaintiff's *citizenship* at any time. Defendant asserted only that Plaintiff is "a resident of the State of Missouri." But, for jurisdictional purposes, federal courts long have distinguished being a citizen of a state from being a mere resident of one. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency, then, will not establish citizenship for diversity jurisdiction. This rule is not new." (internal citation omitted)); *see also, e.g.*, *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

Defendant has failed to demonstrate that the amount in controversy is met and that the parties were diverse of citizenship, both requirements under 28 U.S.C. § 1332(a)(1). If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein. *See City of St.*

*Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Thursday, May 19, 2022 that sufficiently establishes this Court's subject matter jurisdiction.  Failure to do so will result in remand.

Dated this 17th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE